UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| MARIO AVILA, JR.,<br>Plaintiff,<br><br>STATE OF WISCONSIN-DEPARTMENT OF HEALTH SERVICES, ADMINISTRATOR OF HEALTHCARE FINANCING ADMINISTRATION (THE UNITED STATES GOVERNMENT-MEDICARE)<br><br>Subrogated Involuntary Plaintiffs,<br><br>v.<br><br>U.S. CORRECTIONS, LLC, et al.,<br>Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No.<br>DR-21-MC-00021-AM |

## ORDER

Pending before the Court is the Plaintiff's Motion for Contempt. (ECF No. 1.) The Court, having reviewed the Motion and applicable law, has determined that the Plaintiff's Motion should be **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND

On May 24, 2021, the Plaintiff, Mario Avila, Jr., filed the instant Motion, requesting this Court issue a contempt order against Jesus Becerra, Jail Administrator for Zavala County Jail. (ECF No. 1.) The Plaintiff avers Mr. Becerra failed to respond to the Plaintiff's subpoena issued out of the United States District Court for the Eastern District of Wisconsin for a separate case involving the above-named parties. (ECF No. 3; *see also Avila v. U.S. Corrections*, LLC, et al., 2:20-cv-0051-BHL.) The Plaintiff asks this Court to hold Mr. Becerra in contempt and compel his response to the Plaintiff's subpoena. (ECF No. 3.)

## II. DISCUSSION

The Federal Rules of Civil Procedure state that "[t]he court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. Fed. R. Civ. P. 45(g). The court for the district where compliance is required is determined by the "location or place for compliance identified on the subpoena." *Philadelphia Indeminty Ins. Co., v. Odessa Family YMCA*, No. 19-CV-107, 2020 WL 6484069, at *1 (W.D.Tex. June 26, 2020). The prime concern should be avoiding burdens on local nonparties challenging the subpoena; however, transfer to the court where the action is pending is warranted under exceptional circumstances. *Visionworks of America, Inc., v. Johnson & Johnson Vision Care, Inc.*, No. 17-MC-0055, 2017 WL 1611915 (W.D.Tex. Apr. 27, 2017) (finding that the issuing court is in a much better position to determine the importance of the documents requested to the case.)

In this case, the issuing court for the subpoena was the Eastern District of Wisconsin. (ECF No. 1-1 at 5.) The subpoena commanded the Zavala County Jail to produce certain documents via certified mail to an address listed in Milwaukee, Wisconsin, which is located in the Eastern District of Wisconsin. (*Id.*) Thus, this Court lacks jurisdiction under Rule 45(g) to issue a contempt order on Mr. Becerra. Furthermore, the case in the Eastern District of Wisconsin has since been dismissed with prejudice against all the Defendants listed above. The issuing court is in a much better position to determine whether the contempt order should be issued and any relief that should be granted for noncompliance.

## III. CONCLUSION

Accordingly, it is hereby **ORDERED** that the Plaintiff's Motion for Contempt (ECF No. 1) is **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER **ORDERED** that a Clerk's judgment shall issue immediately terminating the above-styled cause of action and any pending motions.

SIGNED on this 10th day of January 2022.

_____
ALIA MOSES
United States District Judge